SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**Alexander Bardis v. Kitty Stinson (A-44-14) (075208)**

**(NOTE: The Court did not write a plenary opinion in this case. Instead, the Court reverses the judgment of the Appellate Division substantially for the reasons expressed in Judge Sapp-Peterson's dissenting opinion, which is published at ___ N.J. Super. ___, ___ (App. Div. 2014) (Sapp-Peterson, P.J.A.D., dissenting).)**

**Argued January 19, 2016 -- Decided April 27, 2016**

**PER CURIAM**

In this appeal, the Court considers whether damage caused by the collapse of plaintiffs' basement wall is covered by a general liability and commercial dwelling insurance policy.

Plaintiffs own a home insured by Cumberland Insurance Group (Cumberland). Plaintiffs' general liability and commercial dwelling insurance policy provided coverage for "direct physical" losses caused by damage to a building caused by the weight of ice, sleet or snow. A supplemental provision provided further coverage for the "collapse of a building or any structural part of a building that ensues" as a result of "hidden decay, unless such decay is known to an insured prior to the collapse." The supplemental provision also provided coverage for the collapse of a building caused by the "[u]se of defective material or methods in construction or repair if the collapse occurs during the construction or repair."

On December 26, 2009, plaintiffs' basement wall collapsed, and plaintiffs filed a property loss claim with Cumberland. An independent insurance adjuster, Kitty Stinson, Stinson Claims Services (collectively Stinson), determined that plaintiffs' insurance policy did not cover the damage. The claim was declined specifically because "the damages sustained [we]re a result of surface and subsurface ground water, weight of ice, sleet, snow and collapse." Stinson based its decision, in part, on the investigation of a structural engineer who attributed the damage to "hydrostatic pressure," namely, the pressure exerted on the wall by the soil following a significant rain storm and melting snow. Plaintiffs retained their own expert who determined that the cause of the collapse was a lateral bending failure due to excessive horizontal loads, caused when the basement was added to the structure.

On December 14, 2011, plaintiffs filed a complaint against Kitty Stinson, Stinson Claims Services, and Cumberland, alleging the basement wall collapsed due to hidden decay and chimney weight deterioration. Plaintiffs further claimed their insurance policy expressly covered the cost of damage resulting from "hidden decay." Defendants asserted, among other things, that plaintiffs' claim was barred "because the loss in question is excluded from the policy of insurance." Plaintiffs and defendants all moved for summary judgment.

On January 25, 2013, the trial court granted summary judgment to defendants. The court found plaintiffs had not provided evidence that the collapse was caused by decay or erosion. The court also declined to interpret the term "hidden decay" to include hidden construction defects, as plaintiffs had advanced. Finally, the court found the policy provided for coverage of damage caused "by the use of defective material or methods of construction, if the collapse occurs during construction or repair." The court determined that the construction occurred before the collapse, and therefore, the collapse was not covered by this provision.

Plaintiffs appealed and the Appellate Division reversed. ___ N.J. Super. ___ (App. Div. 2014). A majority of the panel found a genuine issue of material fact regarding the cause of the collapse and the application of the insurance policy. The majority noted that "the actual cause of loss could have been covered, as hidden decay, or it could have been a loss specifically excluded from coverage, improper construction methods." Id. at ___. The

majority determined that the dispute as to the cause of the collapse must be resolved by a jury.

Judge Sapp-Peterson disagreed and dissented, finding no ambiguity in the terms of the insurance policy, noting, in particular, that "the plain meaning of the term 'decay' is not the same as the plain meaning of the term 'defect.'" ___ N.J. Super. ___, ___ (App. Div. 2014) (Sapp-Peterson, P.J.A.D., dissenting). Relying substantially on the trial court's reasoning, Judge Sapp-Peterson expressed the view that defendants properly denied plaintiffs' claim for insurance benefits.

Defendants appealed as of right under Rule 2:2-1(a)(2), based on the dissent in the Appellate Division.

**HELD:** The judgment of the Appellate Division is **REVERSED** substantially for the reasons expressed in Judge Sapp-Peterson's dissenting opinion. The terms of plaintiffs' commercial dwelling policy are unambiguous, and defendants properly denied plaintiffs' claim for insurance benefits.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON, and SOLOMON; and JUDGE CUFF (temporarily assigned) join in this opinion. JUSTICE FERNANDEZ-VINA did not participate.**

ALEXANDER BARDIS and MONICA
BARDIS,

    Plaintiffs-Respondents,

       v.

KITTY STINSON and STINSON
CLAIMS SERVICES,

    Defendants,

       and

CUMBERLAND INSURANCE GROUP,

    Defendant-Appellant.

> Argued January 19, 2016 – Decided April 27, 2016
>
> On appeal from the Superior Court, Appellate Division.
>
> Marc L. Dembling argued the cause for appellant (Methfessel & Werbel, attorneys; Mr. Dembling and Jacqueline C. Cuozzo, on the briefs).
>
> Constantine Bardis argued the cause for respondents.

PER CURIAM

    The judgment of the Superior Court, Appellate Division is reversed, and the Law Division's judgment is reinstated, substantially for the reasons expressed in Judge Sapp-Peterson's

dissenting opinion, reported at ___ N.J. Super. ___, __ (App. Div. 2014) (Sapp-Peterson, P.J.A.D., dissenting).


     CHIEF JUSTICE RABNER; JUSTICES ALBIN, LaVECCHIA, PATTERSON, and SOLOMON; and JUDGE CUFF (temporarily assigned) join in this opinion.  JUSTICE FERNANDEZ-VINA did not participate.

# SUPREME COURT OF NEW JERSEY

NO.  __A-44__                          SEPTEMBER TERM 2014

ON APPEAL FROM          ____Appellate Division, Superior Court____


ALEXANDER BARDIS and MONICA
BARDIS,

    Plaintiffs-Respondents,

                v.

KITTY STINSON and STINSON
CLAIMS SERVICES,

    Defendants,

            and

CUMBERLAND INSURANCE GROUP,

     Defendant-Appellant.


DECIDED  _____April 27, 2016_____
_____Chief Justice Rabner_____ PRESIDING
OPINION BY  _____Per Curiam_____
CONCURRING/DISSENTING OPINIONS BY  _____
DISSENTING OPINION BY  _____

| CHECKLIST | REVERSE | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | ------------------ | |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 6 | |